UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAMELA M.[1],

    Plaintiff,

v.                                      20-CV-1449 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

---

### DECISION AND ORDER

Plaintiff Pamela M. brings this action under 42 U.S.C. § 405(g) of the Social Security Act ("Act"), seeking review of the decision made by the Commissioner of the Social Security Administration ("Commissioner") finding that she was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 12. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 14, 16. For the reasons below, the Court grants in part and denies in part Plaintiff's motion and denies the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("DIB") filed on June 6, 2014.[2] Tr. 420-21.[3] Plaintiff alleged that she had been disabled since November 5, 2013, which was later amended to March 28, 2014. Tr. 422. Plaintiff's application was initially denied, and she requested a hearing before an administrative law judge ("ALJ"). Tr. 332-45.

Following the hearing, in which Plaintiff was represented by counsel, ALJ Stephen Cordovani issued a decision finding that Plaintiff was not disabled. Tr. 17-36. Plaintiff's request for Appeals Council review was denied, and on November 5, 2019, United States Magistrate Judge H. Kenneth Schroeder, Jr., issued a decision and order remanding Plaintiff's case. Tr. 1213-1222. Judge Schroeder found that the Appeals Council failed to consider an opinion from Andrew C. Hilburger, M.D., dated January 12, 2016, and that this opinion caused the ALJ's determination to be unsupported by substantial evidence. Tr. 1219, 1222.

Following Plaintiff's second hearing, in which she was represented by counsel, ALJ Cordovani issued another decision finding that Plaintiff was not disabled. Tr. 1117-30. Plaintiff's request for Appeals Council review was again denied, after which she commenced this action. Tr. 1-7; Dkt. 1.

---

[2] Plaintiff applied for DIB, which requires a showing that she became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69-70 (2d Cir. 2022).

[3] The filings at Dkts. 10 and 11 are the transcript of the proceedings before the Social Security Administration. All references to Dkts. 10 and 11 are hereby denoted "Tr. __."

2

## LEGAL STANDARDS

### I. District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).  The Commissioner's factual findings are conclusive when supported by substantial evidence.  *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019).  "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review.  *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).  If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles."  *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.   Disability Determination

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. § 404.1545.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. The ALJ's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since her amended alleged onset date of March 28, 2014 through her date last insured of December 31, 2017. Tr. 1120. He also found that Plaintiff suffered from the following severe impairments: lumbago, coronary artery disease, myocardial infarct, right-sided carpal tunnel syndrome, major depressive disorder, anxiety disorder, and personality disorder. Tr. 1120. The ALJ concluded, however,

that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  Tr. 1120.

Finally, after considering the entire record, the ALJ determined that Plaintiff had the RFC to perform "less than the full range of light work" as defined in 20 C.F.R. § 404.1567(b):

> [Plaintiff] was able to stand and/or walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday. [Plaintiff] was able to lift and/or carry no more than twenty pounds, with the ability to lift and/or carry less than ten pounds frequently and ten to twenty pounds occasionally. [Plaintiff] was able to handle with the right dominant hand for up to 25% of an eight-hour workday, and she was able to finger with the right dominant hand up to 50% of an eight-hour workday. Although [Plaintiff] was unable to climb ladders, ropes, or scaffolds, she was able to frequently climb ramps and stairs as well as occasionally kneel, crouch, and crawl. [Plaintiff] was unable to work around unprotected heights or dangerous moving mechanical parts. In addition, [Plaintiff] was able to understand, remember, and carry out simple and routine instructions and tasks. [Plaintiff] was able to work in a low-stress environment, defined as an environment with simple, unskilled work, no supervisory duties, no independent decision-making, no strict production quotas (*i.e.*, assembly-line work), and minimal changes in work routine and processes. [Plaintiff] was able to engage in frequent interaction with supervisors, co-workers, and the general public, and she was expected to miss up to one day of work per month.

Tr. 1123.

The ALJ found that Plaintiff was unable to perform any past relevant work, and he concluded that Plaintiff was not disabled as defined by the Act because Plaintiff's age, education, work experience, and RFC allowed her to perform jobs that existed in significant numbers in the national economy during the relevant period.  Tr. 1128-30.  Therefore, according to the ALJ, Plaintiff was not entitled to

DIB at any time between her amended alleged disability onset date of March 28, 2014, through her date last insured of December 31, 2017. Tr. 1130.

## II. Plaintiff's Argument

Plaintiff makes three arguments for judgment in her favor. Dkt. 12-1 at 1. First, Plaintiff asserts that the ALJ improperly evaluated the treating opinion of Dr. Hilburger. *Id.* at 16. Second, she claims that the ALJ improperly evaluated the treating opinion of Deniz Pirincci, M.D. *Id.* at 18. Third, Plaintiff argues that the ALJ's ultimate physical RFC determination was unsupported by substantial evidence. *Id.* at 23. As set forth below, the Court finds that remand is appropriate in this case because the ALJ's rejection of the absence-from-work portion of Dr. Hilburger's opinion was not supported by substantial evidence.[4]

## III. Analysis

### A. The ALJ's rejection of the absence-from-work portion of Dr. Hilburger's opinion was not supported by substantial evidence.

Plaintiff argues that the ALJ improperly evaluated the treating opinion of Dr. Hilburger by rejecting an absence-from-work limitation. Dkt. 12-1 at 16. On January 12, 2016, Dr. Hilburger opined in a check-box form that Plaintiff would likely be absent from work because of her carpal tunnel syndrome "[o]nce or twice a month."[5] Tr. 41. In his RFC determination, however, the ALJ concluded that

---

[4] Because the Court finds that the ALJ's error in evaluating Dr. Hilburger's opinion requires remand, it declines to address Plaintiff's remaining arguments. *See Beers v. Comm'r of Soc. Sec.*, 449 F. Supp. 3d 96, 103-04 (W.D.N.Y. 2020).

[5] In Plaintiff's previous case before this Court, Dr. Hilburger's opinion from January 12, 2016 was the subject of Judge Schroeder's remand order. *See* Tr. 1219-20.

7

Plaintiff "was expected to miss up to one day of work per month." Tr. 1123. Plaintiff claims that the ALJ "provided nothing more than conclusory reasons and his personal opinion for rejecting Dr. Hilburger's absences opinion and instead finding Plaintiff would be absent only once a month rather twice a month." Dkt. 12-1 at 17.

For claims filed before March 27, 2017, the ALJ follows a two-step procedure for evaluating medical sources under the "treating physician" rule. 20 C.F.R. § 404.1527. First, the ALJ must decide whether the opinion is entitled to controlling weight. *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019). The opinion of a treating physician "as to the nature and severity of the impairment is given controlling weight so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks and citation omitted); *but see Williams on Behalf of Williams v. Bowen*, 859 F.2d 255, 259-60 (2d Cir. 1988) (noting that the treating physician rule does not come into play if there is a medical consensus in the record regarding the claimant's medical conditions).

If the ALJ does not give a treating physician's opinion controlling weight, the second step requires an explicit discussion of the "*Burgess* factors": "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Selian*

8

*v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013) (per curiam) (citing *Burgess*, 537 F.3d at 129). An ALJ's failure to "explicitly" apply the *Burgess* factors is a procedural error and subject to a harmless error analysis. *Estrella*, 925 F.3d at 95-96. Remand is not necessary if the Court can conclude, after a "searching review of the record," that the ALJ applied the substance of the treating physician rule by providing "good reasons" for the weight assigned. *Schillo v. Kijakazi*, 31 F.4th 64, 75 (2d Cir. 2022) (quoting *Estrella*, 925 F.3d at 96).

Here, the ALJ did not give Dr. Hilburger's opinion controlling weight but gave it "significant weight." Tr. 1127; *cf. Schillo*, 31 F.4th at 75 n.3 (finding that the ALJ proceeded through step one of the treating physician rule analysis when she determined that the opinion would receive little or partial weight). The ALJ did discuss the *Burgess* factors, noting Dr. Hilburger's "neurology expertise, his treating relationship with [Plaintiff] and the relative consistency of his opinions with the evidence through the date last insured." Tr. 1127 (citing Tr. 785-86, 1821-22). The only part of Dr. Hilburger's opinion that the ALJ did not wholly incorporate into the RFC determination, however, was Plaintiff's monthly expected absences from work. *See* Tr. 40-41; Tr. 1123. The ALJ instead found that limiting Plaintiff to "only one absence-from-work per month" was supported by "the overall evidence, including reported activities of daily living and the lack of clinical findings to support any greater absences-from-work restrictions." Tr. 1127.

The Court concludes that the ALJ did not provide a "good reason" for rejecting Dr. Hilburger's absence-from-work limitation. *See Halloran v. Barnhart*,

362 F.3d 28, 33 (2d Cir. 2004). According to the vocational expert's testimony, an individual who is absent from work two days a month would be "unemployable." Tr. 1177-78. The difference between Plaintiff missing one day of work per month versus two days is outcome determinative. Although the ALJ provided a "reason" for finding that Plaintiff would only miss one day of work per month, that reason cannot be a "good reason" without knowing whether Dr. Hilburger's absence-from-work limitation was for one day or two days per month. *See Beckers v. Colvin*, 38 F. Supp. 3d 362, 372 (W.D.N.Y. 2014) ("[I]n rejecting the portion of [a treating physician's] opinion stating that Plaintiff would miss two to three days of work per month, the ALJ stated only that he gave little weight to that opinion[;] . . . [t]he ALJ failed to explain why he would adopt [the treating physician's] opinions concerning Plaintiff's marked limitations but reject her opinion that would likely lead to a finding of disability."). On remand, the ALJ must ascertain whether Dr. Hilburger intended to opine that Plaintiff would likely miss one day of work per month or two, and make his RFC determination in light of this information.

## CONCLUSION

For these reasons, the Court **DENIES** the Commissioner's motion for judgment on the pleadings (Dkt. 14) and **GRANTS** in part and **DENIES** in part Plaintiff's motion for judgment on the pleadings (Dkt. 12). The decision of the Commissioner is **VACATED**, and the matter is **REMANDED** for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:   December 14, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE